UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
BERT C. ROBERTS, JR.,

                    Plaintiff,

v.

ASSOCIATED ELECTRIC & GAS
INSURANCE SERVICES LIMITED,
CONTINENTAL CASUALTY COMPANY,
GULF INSURANCE COMPANY,
STARR EXCESS LIABILITY INSURANCE
LIMITED, TWIN CITY FIRE INSURANCE
COMPANY, AND SR INTERNATIONAL
BUSINESS INSURANCE COMPANY,

                    Defendants,
---------------------------------------------------------
SR INTERNATIONAL BUSINESS
INSURANCE COMPANY,

                    Counterclaimant,

v.

MCI, INC., BERNARD EBBERS, SCOTT D.
SULLIVAN, BETTY L. VINSON, TROY M.
NORMAND, BUFORD YATES JR., SUSAN
G. BELL, CLIFFORD ALEXANDER JR.,
JAMES C. ALLEN, JUDITH AREEN,
CARL J. AYCOCK, RONALD R.
BEAUMONT, FRANCESCO GALESI,
STILES A. KELLETT JR., GORDON S.
MACKLIN, DAVID F. MYERS, JOHN A.
PORTER, BERT C. ROBERTS JR.,
ESTATE OF JOHN W. SIDGMORE,
LAWRENCE A. TUCKER, JUAN
VILLALONGA, MAX E. BOBBIT,
TIMOTHY F. PRICE, GERALD H.
TAYLOR AND WALTER NAGEL,

                    Additional Defendants
                    On the Counterclaim.
-------------------------------------------------------- X

Civil Action

Case No:  04 CV 04089 (DLC)

ANSWER TO
COUNTERCLAIM

## COUNTERCLAIM DEFENDANT'S ANSWER TO COUNTERCLAIM OF
## DEFENDANT SR INTERNATIONAL BUSINESS INSURANCE COMPANY

Counterclaim defendant Walter Nagel, by and through its counsel, Caplin &

Drysdale, Chartered, hereby answers the counterclaims of defendant SR International Business

Insurance Company as follows:

1.    Deny information or knowledge sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the counterclaims.

### JURISDICTION

2.    Deny information or knowledge sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of the counterclaims.

3.    Deny information or knowledge sufficient to form a belief as to the truth

of the allegations contained in paragraph 3 of the counterclaims.

### THE PARTIES

4.    Deny information or knowledge sufficient to form a belief as to the truth

of the allegations contained in paragraph 4 of the counterclaims.

5.    Deny information or knowledge sufficient to form a belief as to the truth

of the allegations contained in paragraph 5 of the counterclaims except admit that Bernard

Ebbers was a Director and President and Chief Executive Officer of WorldCom.

6.    Deny information or knowledge sufficient to form a belief as to the truth

of the allegations contained in paragraph 6 of the counterclaims except admit that Scott D.

Sullivan was a Director and Chief Financial Officer of WorldCom.

7.      Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the counterclaims except admit that Betty L. Vinson was Director of Management Reporting of WorldCom.

8.      Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the counterclaims except admit that Troy  M. Normand was Director of Legal Entity Reporting WorldCom.

9.      Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the counterclaims except admit that John W. Sidgmore was a Director and Chief Operating Officer of WorldCom.

10.      Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the counterclaims except admit that plaintiff Roberts was a Director and Chairman of the Board of Directors of WorldCom.

11.      Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the counterclaims except admit that Richard Beaumont was a Director of WorldCom.

12.      Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the counterclaims except admit that Max E. Bobbit was a Director of WorldCom.

13.      Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the counterclaims except admit that Francesco Galesi was a Director of WorldCom.

14.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the counterclaims except admit that Judith Areen was a Director of WorldCom.

15.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the counterclaims except admit that Carl J. Aycock was a Director of WorldCom.

16.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the counterclaims except admit that Stiles A. Kellet, Jr. was a Director of WorldCom.

17.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the counterclaims.

18.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the counterclaims except admit that Gordon S. Macklin was a Director of WorldCom.

19.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the counterclaims except admit that Juan Villalonga was a Director of WorldCom.

20.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the counterclaims except admit that John A. Porter was a Director and Vice-Chairman of the Board of Directors of WorldCom.

21.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the counterclaims except admit that Buford Yates, Jr. was a Director of General Accounting of WorldCom.

22.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the counterclaims except admit that James C. Allen was a Director of WorldCom.

23.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the counterclaims except admit that Lawrence A. Tucker was a Director of WorldCom.

24.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the counterclaims except admit that Clifford Alexander, Jr. was a Director of WorldCom.

25.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the counterclaims except admit that Susan G. Bell was a Senior Vice President of WorldCom.

26.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the counterclaims except admit that Gerald H. Taylor was a Director of WorldCom.

27.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the counterclaims except admit that Timothy F. Price was a Director of WorldCom.

28.     Admit the allegations contained in paragraph 28 of the counterclaims.

29.     Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the counterclaims except admit that WorldCom was incorporated in Georgia and deny that Virginia was its principal place of business.

30.    Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the counterclaims.

31.    Deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the counterclaims.

**THE POLICIES**

32.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the counterclaims.

33.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the counterclaims.

34.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the counterclaims.

35.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the counterclaims.

36.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the counterclaims.

37.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the counterclaims.

38.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the counterclaims.

39.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the counterclaims.

40.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the counterclaims.

41.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the counterclaims.

42.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the counterclaims.

43.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the counterclaims.

44.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the counterclaims.

## THE APPLICATION PROCESS

45.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the counterclaims.

46.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the counterclaims.

47.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the counterclaims.

48.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the counterclaims.

49.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the counterclaims.

50.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the counterclaims.

51.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the counterclaims.

52.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the counterclaims.

53.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the counterclaims.

54.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the counterclaims.

55.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the counterclaims.

56.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the counterclaims.

57.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the counterclaims.

## WORLDCOM'S MISREPRESENTATIONS AND FRAUDULENT ACTIVITY

### *BACKGROUND*

58.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the counterclaims other than what has been disclosed to the general public.

59.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the counterclaims other than what has been disclosed to the general public.

60.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the counterclaims other than what has been disclosed to the general public.

61.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the counterclaims other than what has been disclosed to the general public.

62.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the counterclaims other than what has been disclosed to the general public

63.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the counterclaims other than what has been disclosed to the general public.

64.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the counterclaims other than what has been disclosed to the general public.

65.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the counterclaims other than what has been disclosed to the general public.

66.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the counterclaims other than what has been disclosed to the general public.

67.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the counterclaims other than what has been disclosed to the general public.

68.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the counterclaims other than what has been disclosed to the general public.

69.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the counterclaims other than what has been disclosed to the general public.

70.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the counterclaims other than what has been disclosed to the general public.

71.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the counterclaims other than what has been disclosed to the general public.

72.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the counterclaims other than what has been disclosed to the general public.

73.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the counterclaims other than what has been disclosed to the general public.

74.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the counterclaims other than what has been disclosed to the general public.

75.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the counterclaims other than what has been disclosed to the general public.

76.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the counterclaims other than what has been disclosed to the general public.

77.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the counterclaims other than what has been disclosed to the general public.

78.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the counterclaims other than what has been disclosed to the general public.

79.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the counterclaims other than what has been disclosed to the general public.

80.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the counterclaims other than what has been disclosed to the general public.

81.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the counterclaims other than what has been disclosed to the general public.

82.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the counterclaims other than what has been disclosed to the general public.

83.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the counterclaims other than what has been disclosed to the general public.

84.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the counterclaims other than what has been disclosed to the general public.

85.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the counterclaims other than what has been disclosed to the general public.

## THE FRAUD

86.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the counterclaims other than what has been disclosed to the general public.

87.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the counterclaims other than what has been disclosed to the general public.

88.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the counterclaims other than what has been disclosed to the general public.

89.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the counterclaims other than what has been disclosed to the general public.

90.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the counterclaims other than what has been disclosed to the general public.

91.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the counterclaims other than what has been disclosed to the general public.

92.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the counterclaims other than what has been disclosed to the general public.

93.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the counterclaims other than what has been disclosed to the general public.

94.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the counterclaims other than what has been disclosed to the general public.

95.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the counterclaims other than what has been disclosed to the general public.

96.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the counterclaims other than what has been disclosed to the general public.

97.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the counterclaims other than what has been disclosed to the general public.

## FAILURE OF CORPORATE GOVERNANCE AND RECKLESS ACTIONS AND INACTION OF WORLDCOM'S BOARD OF DIRECTORS

98.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the counterclaims.

### *Board of Directors*

99.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the counterclaims.

100.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the counterclaims.

101.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the counterclaims.

102.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the counterclaims.

103.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the counterclaims.

104.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the counterclaims.

105.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the counterclaims.

106.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the counterclaims.

107.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the counterclaims.

108.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the counterclaims.

109.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the counterclaims.

110.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the counterclaims.

111.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the counterclaims.

112.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the counterclaims.

113.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the counterclaims.

114.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the counterclaims.

115.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the counterclaims.

116.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the counterclaims.

117.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the counterclaims.

118.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the counterclaims.

*Audit Committee*

119.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the counterclaims.

120.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the counterclaims.

121.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the counterclaims.

122.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the counterclaims.

123.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the counterclaims.

124.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the counterclaims.

*Compensation Committee*

125.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the counterclaims.

126.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the counterclaims.

127.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the counterclaims.

128.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the counterclaims.

129.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the counterclaims.

130.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the counterclaims.

131.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the counterclaims.

132.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the counterclaims.

133.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the counterclaims.

## SELF INTEREST AND PERSONAL GAIN OF INDIVIDUAL DIRECTORS AND OFFICERS

*Defendant Ebbers*

134.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the counterclaims.

135.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the counterclaims.

136.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the counterclaims.

137.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the counterclaims.

138.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the counterclaims.

139.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the counterclaims.

140.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the counterclaims.

141.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the counterclaims.

*Defendant Kellet*

142.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the counterclaims.

143.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the counterclaims.

144.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the counterclaims.

145.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the counterclaims.

146.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the counterclaims.

147.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the counterclaims.

148.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the counterclaims.

### Defendant Sullivan

149.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the counterclaims.

150.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the counterclaims.

### Defendant Beaumont

151.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the counterclaims.

### Defendant Galesi

152.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the counterclaims.

153.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the counterclaims.

### Defendant Roberts

154.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the counterclaims.

155.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of the counterclaims.

### *Defendant Sidgmore*

156.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the counterclaims.

157.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the counterclaims.

## WORLDCOM'S 2002 RESTATEMENT:  THE TRUTH EMERGES

158.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the counterclaims.

159.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the counterclaims.

160.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the counterclaims.

161.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the counterclaims.

162.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the counterclaims.

163.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the counterclaims.

164.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the counterclaims.

165.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the counterclaims.

166.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the counterclaims.

167.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the counterclaims.

168.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 168 of the counterclaims.

169.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the counterclaims.

## WORLDCOM'S FRAUD ON THE MARKET

170.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the counterclaims other than what has been disclosed to the general public.

171.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 171 of the counterclaims other than what has been disclosed to the general public.

172.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the counterclaims other than what has been disclosed to the general public.

173.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the counterclaims.

## EFFORTS TO ADVISE WORLDCOM OF THE POLICY'S RESCISSION

174.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the counterclaims.

175.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the counterclaims.

176.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the counterclaims.

177.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 177 of the counterclaims.

178.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 178 of the counterclaims.

179.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of the counterclaims.

180.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of the counterclaims.

## COUNT I

### RESCISSION OF THE SRI POLICY AS AGAINST MCI AND ANY PREDECESSOR IN INTEREST BASED ON MATERIAL MISREPRESENTATIONS IN THE APPLICATION

181.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 181 of the counterclaims.

182.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the counterclaims.

183.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of the counterclaims.

184.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the counterclaims.

185.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the counterclaims.

186.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 186 of the counterclaims.

187.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 187 of the counterclaims.

188.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 188 of the counterclaims.

189.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 189 of the counterclaims.

190.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 190 of the counterclaims.

191.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 191 of the counterclaims.

192.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of the counterclaims.

193.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 193 of the counterclaims.

194.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of the counterclaims.

## COUNT II

### RESCISSION OF THE SRI POLICY AS AGAINST THE FORMER DIRECTORS AND OFFICERS BASED UPON MATERIAL MISREPRESENTATIONS IN THE POLICY APPLICATION

195.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the counterclaims.

196.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 196 of the counterclaims.

197.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 197 of the counterclaims.

198.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 198 of the counterclaims.

199.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 199 of the counterclaims.

200.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 200 of the counterclaims.

201.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 201 of the counterclaims.

202.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 202 of the counterclaims.

203.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 203 of the counterclaims.

204.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 204 of the counterclaims.

205.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 205 of the counterclaims.

206.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 206 of the counterclaims.

207.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 207 of the counterclaims.

208.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 208 of the counterclaims.

209.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 209 of the counterclaims.

210.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 210 of the counterclaims.

211.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 211 of the counterclaims.

## COUNT III

### RESCISSION OF THE POLICY AS AGAINST PLAINTIFF AND COUNTERCLAIM DEFENDANTS BASED UPON FRAUD IN THE INDUCEMENT

212.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 212 of the counterclaims.

213.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 213 of the counterclaims.

214.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 214 of the counterclaims.

215.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 215 of the counterclaims.

216.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 216 of the counterclaims.

217.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 217 of the counterclaims.

218.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of the counterclaims.

219.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 219 of the counterclaims.

220.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of the counterclaims.

## COUNT IV

### RESCISSION AS AGAINST PLAINTIFF AND COUNTERCLAIM DEFENDANTS BASED UPON FRAUD ON THE MARKET

221.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 221 of the counterclaims.

222.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of the counterclaims, and denies to the extent that reference to "WorldCom" includes defendant Walter Nagel.

223.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 223 of the counterclaims.

224.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 224 of the counterclaims, and denies to the extent that reference to "WorldCom" includes defendant Walter Nagel.

225.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 225 of the counterclaims, and denies to the extent that reference to "WorldCom" includes defendant Walter Nagel.

226.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 226 of the counterclaims, and denies to the extent that reference to "WorldCom" includes defendant Walter Nagel.

227.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 227 of the counterclaims.

228.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 228 of the counterclaims.

229.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 229 of the counterclaims, and denies to the extent that reference to "WorldCom" includes defendant Walter Nagel.

230.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 230 of the counterclaims, and denies to the extent that reference to "WorldCom" includes defendant Walter Nagel.

231.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of the counterclaims.

232.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 232 of the counterclaims.

233.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 233 of the counterclaims.

234.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 234 of the counterclaims.

## COUNT V

### PRECLUSION OF COVERAGE UNDER THE "PROFIT OR ADVANTAGE" EXCLUSION

235.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 235 of the counterclaims.

236.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 236 of the counterclaims.

237.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 237 of the counterclaims.

238.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 238 of the counterclaims.

239.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 239 of the counterclaims.

## COUNT VI

### PRECLUSION OF COVERAGE UNDER THE POLICY'S "INSIDER TRADING" EXCLUSION

240.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 240 of the counterclaims.

241.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 241 of the counterclaims.

242.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 242 of the counterclaims, and denies that defendant Walter Nagel participated in insider trading.

243.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 243 of the counterclaims.

244.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 244 of the counterclaims.

## COUNT VII

### PRECLUSION OF COVERAGE UNDER THE "CRIMINAL ACT" EXCLUSION

245.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 245 of the counterclaims.

246.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 246 of the counterclaims.

247.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 247 of the counterclaims, and denies that defendant Walter Nagel committed criminal acts.

248.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 248 of the counterclaims.

249.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of the counterclaims.

## COUNT VIII

### PRECLUSION OF COVERAGE UNDER THE "FRAUDULENT ACT" EXCLUSION

250.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 250 of the counterclaims.

251.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 251 of the counterclaims.

252.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 252 of the counterclaim, and denies that defendant Walter Nagel committed deliberate fraudulent acts.

253.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 253 of the counterclaims.

254.    Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 254 of the counterclaims.

WHEREFORE, Walter Nagel respectfully asks this Court to dismiss all counterclaims.

Dated: November 29, 2004

Respectfully submitted,

WALTER NAGEL

By: _S/H/M/Y_

Scott D. Michel (SM-8086)

CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC  20005
(202) 862-5000


By:  /s/   Elihu Inselbuch
Elihu Inselbuch (EI-2843)

CAPLIN & DRYSDALE, CHARTERED
399 Park Avenue, 27th Floor
New York, NY  10022
(212) 319-7125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
BERT C. ROBERTS, JR.,

                        Plaintiff,

v.

ASSOCIATED ELECTRIC & GAS
INSURANCE SERVICES LIMITED,
CONTINENTAL CASUALTY COMPANY,
GULF INSURANCE COMPANY,
STARR EXCESS LIABILITY INSURANCE
LIMITED, TWIN CITY FIRE INSURANCE
COMPANY, AND SR INTERNATIONAL
BUSINESS INSURANCE COMPANY,

                        Defendants,

-------------------------------------------------------- 
SR INTERNATIONAL BUSINESS
INSURANCE COMPANY,

                        Counterclaimant,

v.

MCI, INC., BERNARD EBBERS, SCOTT D.
SULLIVAN, BETTY L. VINSON, TROY M.
NORMAND, BUFORD YATES JR., SUSAN
G. BELL, CLIFFORD ALEXANDER JR.,
JAMES C. ALLEN, JUDITH AREEN,
CARL J. AYCOCK, RONALD R.
BEAUMONT, FRANCESCO GALESI,
STILES A. KELLETT JR., GORDON S.
MACKLIN, DAVID F. MYERS, JOHN A.
PORTER, BERT C. ROBERTS JR.,
ESTATE OF JOHN W. SIDGMORE,
LAWRENCE A. TUCKER, JUAN
VILLALONGA, MAX E. BOBBIT,
TIMOTHY F. PRICE, GERALD H.
TAYLOR AND WALTER NAGEL,

                      Additional Defendants
                      On the Counterclaim.

-------------------------------------------------------- X

Civil Action

Case No:  04 CV 04089 (DLC)


ANSWER TO
COUNTERCLAIM

## AFFIDAVIT OF SERVICE

I, Roy Moss, being duly sworn, depose and say: I am not a party to this action, am over 18 years of age and am employed by Caplin & Drysdale, Chartered.

On the 29th day of November, 2004, I served a true copy of the Answer to Counterclaim of Additional Defendant on the Counterclaim Walter Nagel by U.S. postal mail upon the persons and entities listed at Attachment A and upon:

Richard A. Kissel (RK-0072)
Charles Hyman (CH-8676)
Kissel & Pesce LLP
555 White Plains Road
5th Floor
Tarrytown, New York 10591

_____
Roy Moss

Sworn to before me this
29th day of November, 2004

JEROME G. KATZ
Notary Public of District of Columbia
My Commission Expires December 14, 2007

2

## ATTACHMENT A
## DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

**MCI, Inc.**
1) 22001 Loudoun County Pkwy., Ashburn, VA 20147-6105 (*Loudoun*)

**Clifford Alexander, Jr.**
1) 400 C St., N.E., Washington, D.C. 20002-5818 (*District of Columbia*)
2) 512 A St., S.E., Washington, D.C. 20003-1139 (*District of Columbia*)

**James C. Allen**
1) 3023 Club Dr., Destin, FL 32550-4535 (*Walton*)
2) 722 Walnut Creek Ln., Chesterfield, MO 63017-5719 (*Saint Louis*)
3) 16636 Caulks Creek Rdg., Chesterfield, MO 63005-6544 (*Saint Louis*)

**Judith Areen**
1) 600 New Jersey Ave., N.W., Washington, D.C. 20001-2022 (*District of Columbia*)
2) 4212 Rosemary St., Chevy Chase, MD 20815-5218 (*Montgomery*)
3) P.O. Box 4444, Warrentown, VA 20188 (*Fauquier*)

**Carl J. Aycock**
1) 123 S. Railroad Ave., Brookhaven, MS 39601-3330 (*Lincoln*)
2) 844 Natchez Dr., N.E., Brookhaven, MS 39601-9207 (*Lincoln*)

**Ronald Beaumont**
1) 8005 Tourmoline, Streetman, TX 75859-7162 (*Freestone*)
2) 10736 County Rd., Grandview, TX 76050 (*Johnson*)

**Susan G. Bell (Susan Mayer)**
1) 9245 Mason St., Olive Branch, MS 38654 (*De Soto*)

**Max E. Bobbit**
1) 804 Pembroke Ct., Vero Beach, FL 32963-9540 (*Indian River*)
2) 551 White Pelican Cir., Vero Beach, FL 32963-9521 (*Indian River*)
3) 100 Beachview Dr., Vero Beach, FL 32963 (*Indian River*)

**Bernard Ebbers**
1) 500 Clinton Center Dr., Clinton, MS 39056 (*Hinds*)
2) 505 S. Jackson St., Brookhaven, MS 39601-3819 (*Lincoln*)
3) 2116 Hwy. 84E, Brookhaven, MS 39601-8411 (*Lincoln*)

**Francesco Galesi**
1) 650 Meadow Lane, Southhampton, NY 11968-4569 (*Suffolk*)
2) 515 E. Amik St., Jackson, MS 39201 (*Hinds*)

Stiles A. Kellet, Jr.
    1)  3651 Tuxedo Rd., N.W., Atlanta, GA 30305-1015 (*Fulton*)
    2)  200 Galleria Pkwy., Ste. 18, Atlanta, GA 30339 (*Cobb*)

Gordon S. Macklin
    1)  8212 Burning Tree Rd., Bethesda, MD 20817-2906 (*Montgomery*)

David F. Myers
    1)  202 Ashton Pl., Madison, MS 39110-8030 (*Madison*)

Troy M. Normand
    1)  302 Westwood Ct., Madison, MS 39110-7727 (*Madison*)
    2)  320 Westwood Ct., Madison, MS 39110-7727 (*Madison*)

John A. Porter
    1)  10241 Kintore Dr., Easton, MD 21601-5265 (*Talbot*)
    2)  6 Via Los Incas, Palm Beach, FL 33480-3629 (*Palm Beach*)

Timothy F. Price
    1)  655 Severn Rd, Severna Park, MD 21146-3436 (*Anne Arundel*)

John W. Sidgmore
    1)  9505 Persimmon Tree Rd., Potomac, MD 20854-4331 (*Montgomery*)

Scott D. Sullivan
    1)  6318 Woodbury Rd., Boca Raton, FL 33433-3606 (*Palm Beach*)

Gerald H. Taylor
    1)  5022 Iowa Ave, NW, Washington, DC 20011-3834 (*District of Columbia*)

Lawrence A. Tucker
    1)  593 Riversdale Rd., Greenwich, CT 06831-4157 (*Fairfield*)
    2)  963 Elm Commons Dr., Apt. 207, Rocky Hill, CT 06067-1815 (*Hartford*)

Juan Villalonga
    1) 601 N Faring Rd, Los Angeles, CA 90077-3522 (*Los Angeles*)

Betty L. Vinson
    1)  53 Chestnut Dr., Madison, MS 39110-9648 (*Madison*)

Buford T. Yates, Jr.
    1)  108 Redbud Dr., Brandon, MS 39047-8488 (*Rankin*)